1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SANDRA K. KRAUSE,                    )
                                     )
                Plaintiff,           )      Case No. 2:12-cv-00342-JCM-CWH
                                     )
vs.                                  )      **ORDER**
                                     )
NEVADA MUTUAL INSURANCE CO., *et al*.,  )
                                     )
                Defendants.          )
_____)

12      This matter is before the Court on Defendants' Motion to Consolidate (#127), filed July 23,

13  2013; Plaintiff's Response (#137), filed August 8, 2013; and Defendants' Reply (#138), filed

14  August 16, 2013.

15                              **BACKGROUND**

16  **A. Procedural Background**

17      This case was removed to this Court on March 1, 2012.  (#1).  On May 8, 2012, Defendants

18  filed a motion to dismiss (#5), which was granted in part and denied in part.  (#31).  On the same

19  day the Court entered its order (#31), Plaintiff filed a motion to amend the complaint (#32), which

20  was denied because it suffered "from the same deficiencies that led to dismissal of the original

21  complaint" and the proposed amendments were "futile."  *See* Order (#38) at 2:3-6.  Thus, the

22  following are the only claims remaining: (1) Plaintiff's claim for gender discrimination in violation

23  of 42 U.S.C. § 2000e *et seq*., (2) Plaintiff's claim for gender discrimination in violation of Nevada

24  Revised Statute ("NRS") 613.310 *et seq*., and (3) Plaintiff's claim for retaliation.[1]  The only

25  remaining defendants are Nevada Mutual Insurance Company ("NMIC") and Trean Corporation

26  _____

27      [1]  The following claims were dismissed: (1) Plaintiff's claim for intentional infliction of emotional
    distress, (2) Plaintiff's claim of constructive discharge, (3) Plaintiff's claim for negligent hiring, supervision and
28  retention, (4) Plaintiff's claim for tortious interference with employment relationship, and (5) Plaintiff's claim for
    breach of the covenant of good faith and fair dealing.  All claims against Mr. Andrew O'Brien and Roe and Doe
    defendants have been dismissed.

("Trean").

Shortly after Plaintiff's motion to amend (#32) was denied, the parties submitted a proposed scheduling order, which was approved. (#40). After granting a motion to correct the caption of the complaint, the parties filed a stipulation to extend several discovery deadlines. (#44). The stipulation was granted and the discovery deadline extended to April 3, 2013. (#45). The parties participated in an Early Neutral Evaluation ("ENE") session on February 4, 2013, but were unable to reach settlement. (#55). On March 13, 2013, the parties submitted a third stipulation to extend discovery (#62), which was granted and resulted in the extension of the discovery cutoff to May 3, 2013.

**B. Complaint**

The claims in this case arise out of a previous employment relationship. Plaintiff alleges that she began working as vice president for both NMIC and Trean, companies that provide professional liability insurance for Nevada medical providers, in May 2007. Plaintiff alleges that in August 2008 she was subjected to offensive, disgusting, and sexually explicit pornography and commentary being exchanged among two NMIC board members and an affiliated attorney. *See* Compl. (attached as Ex. 1 to Pet. for Removal (#1)) at ¶¶ 18, 19. Plaintiff alleges that she reported her concerns about the conduct and material to her supervisor, but was informed that the "pornographic material was 'not that bad . . . .'" *Id*. at ¶¶ 20, 21. Thereafter, Plaintiff alleges that one of the individuals that had participated in the exchange of pornography disparaged certain sensitivity training. She also alleges that she was ridiculed by the individual of whom she had previously complained during a risk management seminar. *Id*. at ¶¶ 22, 23. Plaintiff again reported the behavior, but alleges her request to have her contact with the offending individual minimized was ignored. *Id*. at ¶ 24.

Thereafter, Plaintiff claims she was the subject of several baseless internal complaints from the individual about whom she had previously complained. Additionally, Plaintiff alleges she was retaliated against in several ways, including the creation and sending of customer surveys to her client contacts–surveys that were not sent to the clients of her male counterparts. *Id*. at ¶ 25, 26. Despite all surveys returning positive reviews, Plaintiff alleges that she was subjected to additional scrutiny and retaliated against in a manner making it more difficult to perform her job. *Id*. at ¶¶ 27-

2

29.  This retaliation included, among other things, interfering with her ability to ethically discharge her duties, failing to communicate decisions impacting her responsibilities, refusing to permit her to raise claim reserves in violation of Nevada law, and unilaterally delegating her work to unqualified male personnel.  *Id*. at ¶ 29.  Despite proactively and repeatedly seeking redress, Plaintiff alleges that she faced increasing hostility.  *Id*. at ¶ 30.

Eventually, Plaintiff requested a meeting to address concerns about the disparate treatment of women in the workplace and the alleged retaliation against her.  The request went ignored and, according to Plaintiff, led to a further disparaging comment about Plaintiff's ancestry.  *Id*. at ¶¶ 31-33.  On December 9, 2010, believing the situation to be worsening, Plaintiff resigned her position effective January 16, 2011.  *Id*. at ¶ 34.  Plaintiff remained as a consultant beyond her resignation date, but her consulting contract was terminated on March 9, 2011.  *Id*. at ¶¶ 35, 37.

**C.  Motion to Consolidate**

There are several discovery motions pending.  Before addressing those motions, however, the undersigned will first address the request that this case be consolidated with *Krause v. Nevada Mutual Insurance Co., et al.*, 2:13-cv-00976-APG-CWH.  On June 3, 2013, citing 28 U.S.C. §§ 1441, 1331, and 1367(a), the named defendants in *Krause v. Nevada Mutual Insurance Co., et al.*, 2:13-cv-00976-APG-CWH filed a petition for removal.  Based on information set forth in the petition, the complaint in the parallel state court proceeding was initially filed on January 16, 2013.  It was not immediately served.  The underlying complaint was amended on May 13, 2013.  It appears service of the underlying complaint was effectuated on May 15, 2013.  On the same day they filed the petition for removal, Defendants in *Krause v. Nevada Mutual Insurance Co., et al.*, 2:13-cv-00976-APG-CWH also filed a motion to consolidate (#6) and a motion to dismiss (#8).  The motion to consolidate (#6) was denied without prejudice and defense counsel instructed to file any motion for consolidation in this case.

On July 23, 2013, Defendants filed a motion to consolidate pursuant to Federal Rule of Civil Procedure 42.  Defendants assert that the cases involve common questions of fact as both complaints stem from Plaintiff's employment with and resignation from NMIC.  Defendants further assert that the cases involve a common question of law as "[t]he gravamen of both complaints is her

alleged constructive discharge . . . ." Defs' Mot. (#127) at 6:9-11. Defendants argue that consolidation will result in significant saving of time and effort because the judges in this action are already acquainted with the underlying facts, there is substantial overlap in the discovery already conducted and any discovery that may need to occur, and Defendants are willing to stipulate to reopen discovery upon consolidation.

Plaintiff opposes consolidation on the grounds that the cases involve different parties, different causes of action, and different facts. Plaintiff argues that, even assuming common questions of law and fact, the balance still tips against consolidation because the cases are in different stages of the litigation process. Lastly, Plaintiff argues that she would be severely prejudiced by consolidation because she would be precluded from conducting "appropriate and comprehensive" discovery in *Krause v. Nevada Mutual Insurance Co., et al.*, 2:13-cv-00976-APG-CWH.

In reply, Defendants assert that Plaintiff's opposition is based on "[t]he obvious reality" that she wants to conduct another "full round of excessive and overblown discovery and depositions, and because she wants a second chance at a jury trial to recover damages if she's unsuccessful in the first action." Defs' Reply (#138) at 4:6-9. Moreover, Defendants argue that there is no requirement prior to consolidation that cases involve identical questions of law or fact – only that the actions involve "a common question of law or fact." The cases, according to Defendants, essentially represent alternative theories of recovery based on a common set of facts and, given the substantial overlap of the claims, parties, discovery, and alleged damages, consolidation will result in increased efficiency. Defendants concede that additional discovery may be necessary, but insist they are prepared to agree to additional discovery. Lastly, Defendants argue that the fact the cases are at different stages of litigation is a result of Plaintiff's timing choices in filing the claims and, given Defendants willingness to reopen discovery, the cases are essentially at the same stage in litigation.

## DISCUSSION

Federal Rule of Civil Procedure 42(a) grants the trial court broad discretion in determining whether to consolidate actions involving common questions of law or fact. *US Bank Nat. Ass'n v. Ribeiro*, 2012 WL 40459 (D. Nev.) (citing 9A Wright and Miller, *Federal Practice and Procedure*,

§ 2381); *see also Firefighters, Local 1908 v. County of Clark*, 2012 WL 1986590 (D. Nev.) ("District courts are given wide latitude in exercising their discretion to grant or deny consolidation."). Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact," the court may consolidate the actions. "Consolidation requires only a common question of law or fact; perfect identity between all claims in any two cases is not required, so long as there is some commonality of issues." *Firefighter, Local 1908*, 2012 WL 1986590 *2. "If the court determines that common questions are present it must then balance the saving of time and effort that consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result." *Hadel v. Willis Roof Consulting, Inc.*, 2011 WL 484289 (D. Nev.) (citation omitted). The moving party bears the burden to demonstrate consolidation is appropriate. *Voggenthaler v. Maryland Square, LLC*, 2010 WL 2998253 (D. Nev.) (citation omitted).

In addition, Local Rule ("LR") 7-2.1 governs local practice on related cases in which a request is made for assignment to a single district judge and/or magistrate judge. It provides, in pertinent part:

An action may be considered to be related to another action when:

(a) Both actions involve the same parties and are based on the same or similar claim;

(b) Both actions involved the same property, transaction or event;

(c) Both actions involve similar questions of fact and the same question of law and their assignment to the same district judge and/or magistrate judge is likely to effect a substantial savings of judicial effort, either because the same result should follow in both actions or otherwise; or,

(d) For any other reason, it would entail substantial duplication of labor if the actions were heard by different district judges or magistrate judges. The assigned judges will make a determination regarding the consolidation of the actions.

The undersigned has reviewed the briefing in this matter and finds that Defendants have not met their burden to demonstrate that consolidation is appropriate. The Court has little difficulty concluding that, for purposes of Rule 42(a), the two cases involve common questions of fact and law. Nevertheless, on balance, the Court finds that consolidation will not result in the substantial savings of judicial effort, a significant saving of time, or a significant saving of other resources. Importantly, the two cases are at entirely different stages in the litigation. Discovery in this case has

been closed for several months.  Additionally, there is a fully briefed summary judgment that is under consideration.  As in *Firefighters, Local 1908*, the case Defendants seek to consolidate into this case has not cleared the motion to dismiss or motion to remand hurdle.  Thus, consolidation would accomplish the shifting of the workload, but it would have little effect on conserving judicial resources.  Moreover, concerns regarding "excessive and overblown" discovery in *Krause v. Nevada Mutual Insurance Co., et al.*, 2:13-cv-00976-APG-CWH are unfounded.  Discovery in that case has been stayed pending resolution of the motion to dismiss and motion to remand.  Moreover, the undersigned is the assigned magistrate judge in both cases.  Thus, assuming the case survives the motion to dismiss and motion to remand, the undersigned will be involved to a significant degree in the creation and enforcement of a targeted discovery plan and scheduling order under Rule 16.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendants' Motion to Consolidate (#127) is **denied**.

DATED: December 10, 2013.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge