UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SANDRA K. KRAUSE,<br><br>        Plaintiff,<br><br>vs.<br><br>NEVADA MUTUAL INSURANCE CO., *et al.*,<br><br>        Defendants. | Case No. 2:12-cv-00342-JCM-CWH<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Motion to Compel Discovery (#76), filed May 11, 2013; Defendants' Response (#84), filed May 28, 2013; and Plaintiff's Reply (#98), filed June 11, 2013.

## BACKGROUND

Both the Court and the parties are aware of the factual and procedural background of this case. Plaintiff seeks damages from Defendants Nevada Mutual Insurance Company ("NMIC") and Trean Corporation ("TREAN") for (1) gender discrimination in violation of 42 U.S.C. § 2000e *et seq.*; (2) gender discrimination in violation of Nevada Revised Statute ("NRS") 613.310 *et seq.*; and (3) retaliation.[1] The initial scheduling order was entered on August 10, 2012, and set the discovery cutoff date for January 3, 2013. (#40). The scheduling order was subsequently amended twice and, ultimately, the discovery cutoff date set for May 3, 2013, and the dispositive motions deadline set for June 3, 2013. (#63).

**A. Plaintiff's Motion (#76)**

On May 11, 2013, approximately one week after the close of discovery, Plaintiff filed a

---

[1] The following claims have been dismissed: (1) Plaintiff's claim for intentional infliction of emotional distress, (2) Plaintiff's claim of constructive discharge, (3) Plaintiff's claim for negligent hiring, supervision and retention, (4) Plaintiff's claim for tortious interference with employment relationship, and (5) Plaintiff's claim for breach of the covenant of good faith and fair dealing. All claims against Mr. Andrew O'Brien and Roe and Doe defendants have been dismissed.

motion requesting that the Court compel Defendant TREAN's Rule 30(b)(6) corporate designee to respond to a Rule 31 deposition by written questions. On February 26 and 27, 2013, Plaintiff's counsel took the deposition of TREAN's Rule 30(b)(6) designee. Plaintiff's counsel alleges that her effort to obtain deposition testimony regarding a subject listed in the deposition notice was thwarted by defense counsel. Thus, on April 8, 2013, Plaintiff's counsel served a Rule 31 deposition upon written questions for TREAN's Rule 30(b)(6) witness. *See* Ex. 1 attached to Pl's Mot. (#76). The Rule 31 notice of written deposition includes 85 questions, all of which allegedly relate to the subject noticed in the first notice of deposition. Plaintiff also seeks an order precluding the assertion of any objection other than is necessary to preserve privilege.

**B. Defendants' Response (#84)**

Defendants oppose the motion, asserting that it is a "belated and inappropriate attempt to skirt the court's scheduling order and rules of discovery."[2] Defendants argue that Plaintiff already deposed TREAN's Rule 30(b)(6) designee for nine hours over the course of two days in February 2013. Defense counsel acknowledges objecting to subject #8 prior to the first deposition, but includes excerpts from the deposition wherein counsel claims the parties deferred questioning on the topic and agreed to attempt to work out their disagreement or bring it to the court. *See* Defs' Resp. (#84) at 7:12-18. However, Defendant alleges that Plaintiff's counsel unilaterally served the Rule 31 notice of written deposition without making any effort to resolve the dispute without court intervention. Now, characterizing the Rule 31 questions as "wide-reaching and, in some cases, bizzarre[,]" Defendants assert that the motion should be denied because Plaintiff failed to seek leave to issue the Rule 31 deposition notice in violation of Fed. R. Civ. P. 31(a)(2)(A)(ii), despite being informed that such leave was necessary. *See* Ex. E attached to Defs' Resp. (#84).[3] Defendant also appears to argue that, assuming this motion could be construed as a request for leave, the questions are irrelevant and should not be permitted under Rule 26(b)(2)(C).

---

[2] Defendants claim that, when including subparts, Plaintiff's counsel actually submitted an additional 130 questions in their Rule 31 notice of written deposition.

[3] Exhibit E is an email sent to Plaintiff's counsel on April 22, 2013, after the service of the Rule 31 deposition questions.

**C.  Plaintiff's Reply (#98)**

In reply, Plaintiff contends Defendants' argument regarding leave under Rule 31 rests on an inapplicable subsection of the rule.  Plaintiff asserts that leave is not necessary under Rule 31 because Plaintiff has not yet reached the ten (10) deposition limit set forth in Rule 30(a)(2)(i).  Plaintiff also argues that it is not appropriate for Defendant to offer aggregate deposition time as a potential bar for the Rule 31 deposition.  She further argues that, assuming aggregate deposition time is a proper standard, she would be far below the aggregate limit for deposition time based on the depositions taken.  Plaintiff denies that the Rule 31 deposition questions are untimely, as they were served almost three weeks prior to the close of discovery.  She also claims that the refusal to offer written objections or answers to the Rule 31 deposition is "the functional equivalent of an instruction not to answer" and not allowed under the applicable rules.  Ultimately, Plaintiff contends that Defendants have engaged in obstructive discovery behavior to prevent the discovery of important information and should be compelled to respond and sanctioned accordingly.

**DISCUSSION**

This is a motion to compel brought pursuant to Federal Rule of Civil Procedure 37 which, in pertinent part, provides: "A party seeking discovery may move for an order compelling an answer . . . if: (i) a deponent fails to answer a question asked under Rule 30 or Rule 31." Fed. R. Civ. P. 37(a)(3)(B)(i).  Rule 31, in turn, provides that "[a] party may, by written questions, depose any person, including a party, without leave of court except as provided in Rule 31(a)(2)." Fed. R. Civ. P. 31(a)(1).  Rule 31(a)(2) provides:

> A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2):
>
> (A) if the parties have not stipulated to the deposition and:
>
> (i) the deposition would result in more than 10 depositions being taken under this rule or Rule 30 by the plaintiffs, or by the defendants, or by the third-party defendants;
>
> (ii) the deponent has already been deposed in the case; or
>
> (iii) the party seeks to take a deposition before the time specified in Rule 26(d) . . . .

Rule 31 plainly provides that leave of court must be sought prior to serving written deposition

questions in certain situations, including when the parties have not stipulated to the deposition <u>and</u> the deponent has already been deposed.

There is no question that Defendant TREAN's Rule 30(b)(6) designee was previously deposed on February 26 and 27, 2013. There is nothing in the record to suggest that defense counsel agreed or stipulated to this second deposition or offered to hold open the first deposition for submission of additional questions. Indeed, shortly after receipt of the Rule 31 written questions, defense counsel sent Plaintiff's counsel an email indicating there would be no response to the questions unless Plaintiff first obtained leave of court. *See* Ex. E attached to Defs' Resp. (#84). Even after being specifically informed of the leave requirement, Plaintiff's counsel chose not to seek leave and, instead, filed this motion arguing that leave is not required. In making the argument, Plaintiff's counsel completely ignored the portion of Rule 31 requiring leave in the case the potential deponent did not stipulate to the deposition and had already been deposed in the case.[4] Consequently, the Court finds that the motion currently before it must be denied. Before serving the Rule 31 written questions, Plaintiff was required to obtain leave because the Rule 30(b)(6) designee for Defendant TREAN had already been deposed and the parties had stipulated to the additional deposition.[5]

Because Plaintiff brought this as a motion to compel under Rule 37(a)(3), the provisions of Rule 37(a)(5) come into play. Pursuant to Rule 37(a)(5), "[i]f the motion is denied, the court may

---

[4] It appears part of Plaintiff's argument is that she is not seeking an additional deposition of the previously deposed Rule 30(b)(6) designee, but an entirely new deposition on a new topic calling for a new Rule 30(b)(6) designee. The Court rejects this argument. The Rule 31 questions relate to a subject previously noticed for TREAN's Rule 30(b)(6) designee. *See* Ex. 1 attached to Pl's Mot. (#76) ("Plaintiff is taking TREAN Corporation's designee's deposition pursuant to Fed. R. Civ. P. 30, as a deposition upon written questions and pursuant to Fed. R. Civ. P. 30(b)(6) on the previously noticed and described Subject #8 . . . ."). Defendant TREAN objected to the noticed subject, but still appeared at the deposition. Other than objecting to doing so, there is no indication TREAN's Rule 30(b)(6) designee was not capable of answering questions on the noticed subject. Plaintiff's counsel has presented nothing to support the notion that the strategic decision to forego questioning on a noticed topic in the face of an objection means a deponent was not the designee identified to testify to the subject on TREAN's behalf.

[5] The Court also declines to construe this motion as one for leave under Rule 31. Plaintiff's counsel has never asked that it be construed as a motion for leave and adamantly, though incorrectly, maintains that leave was never required.

issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard" require the moving party to "pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). "[T]he court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id*. Defendants' counsel will have until **Monday, December 23, 2013** to file an affidavit of reasonable expenses, including attorney's fees, incurred in opposing this motion. Failure to file the affidavit within the time set forth herein will result in no award. Plaintiff's counsel shall have until **Monday, January 6, 2014** to file a response. The reply, if any, shall be filed **Friday January 10, 2014**.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Discovery (#76) is **denied**.

**IT IS FURTHER ORDERED** that Defendants' counsel will have until **Monday, December 23, 2013** to file an affidavit of reasonable expenses, including attorney's fees, incurred in opposing this motion. Plaintiff's counsel shall have until **Monday, January 6, 2014** to file a response. The reply, if any, shall be filed **Friday, January 10, 2014**.

DATED: December 16, 2013.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge