UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SANDRA K. KRAUSE,                        )
                                         )
        Plaintiff,                      )   Case No. 2:12-cv-00342-JCM-CWH
                                         )
vs.                                      )   **ORDER**
                                         )
NEVADA MUTUAL INSURANCE CO., *et al.*,   )
                                         )
        Defendants.                     )
_____)

      This matter is before the Court on Defendants' Motion for Sanctions re: Discovery (#80), filed May 24, 2013; Plaintiff's Response (#104), filed June 20, 2013; and Defendants' Reply (#119), filed July 1, 2013.[1]

### BACKGROUND

      Both the Court and the parties are familiar with the procedural and factual background of this case. Plaintiff has alleged (1) gender discrimination in violation of 42 U.S.C. § 2000e *et seq.*, (2) gender discrimination in violation of Nevada Revised Statute ("NRS") 613.310 *et seq.*, and (3) retaliation.[2] The only remaining defendants are Nevada Mutual Insurance Company ("NMIC") and Trean Corporation ("Trean"). After a series of extensions, the discovery cutoff date was established as May 3, 2013, and the dispositive motions deadline established as June 3, 2013. (#63).

      By way of the motion under consideration, Defendants' request an order for sanctions be entered against Plaintiff for the alleged violation of the parties' stipulated protective order (#47).

---

[1] The Court has also reviewed the exhibits K and L attached to Plaintiff's motion for leave to file supplemental exhibits (#134), which was granted. *See* Order (#154).

[2] The following claims have been dismissed: (1) Plaintiff's claim for intentional infliction of emotional distress, (2) Plaintiff's claim of constructive discharge, (3) Plaintiff's claim for negligent hiring, supervision and retention, (4) Plaintiff's claim for tortious interference with employment relationship, and (5) Plaintiff's claim for breach of the covenant of good faith and fair dealing. All claims against Mr. Andrew O'Brien and Roe and Doe defendants have been dismissed.

Defendants assert that Plaintiff has improperly utilized confidential testimony and documents obtained during discovery in this case to support the filing a separate case in Nevada state court.[3] The disclosure of the information is, according to Defendants, a violation of the stipulated protective order and warrants sanctions under Fed. R. Civ. P. 37(b).  Based on the seriousness of the alleged violation, Defendants ask the Court to enter sanctions requiring Plaintiff to withdraw her amended complaint in the state court case and eliminate all references to the protected information.  Defendants also ask that Plaintiff be held in contempt of court under Rule 37(b)(2)(A)(vii).  Defendants also seek their fees and costs associated with having to bring this motion.  Plaintiff opposes the motion contending that the information relied upon to file her complaint in state court was either obtained from the public record or was readily accessible in the public record.

## DISCUSSION

At the outset, the Court notes that Defendants make clear that they are seeking sanctions under Rule 37(b).  The sanctions are sought based on a series allegations of misconduct directed toward Plaintiff's counsel.  Defendants, however, have not met their burden to show that sanctions of the kind requested are warranted.  The allegations, though serious, are cursory in nature and lack sufficient legal or factual support.  For example, though Defendants cite Rule 37(b) as the source of sanctions sought, they have provided no meaningful briefing on the rule or the standards applicable to the relief they seek.  In support of their request, Defendants cite to a series of cases which consider sanctions under different standards than would be applicable under Rule 37(b). In both *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015 (9th Cir. 2012) or *United States v. State of Oregon*, 915 F.2d 1581 (9th Cir. 1990) (table cases) the Ninth Circuit was addressing the inherent power of a court to enter sanction, not the authority or standard for sanctions under Rule 37(b).  Additionally, in *United States v. Blodgett*, 709 F.2d 608, 610 (9th Cir. 1983), the court was addressing the imposition of sanctions under both inherent authority and under 28 U.S.C. § 1927.  The standard for issuing sanctions under Rule 37(b), inherent authority, and section 1927 have some

---

[3] On January 16, 2013, Plaintiff filed a complaint in state court.  The matter has subsequently been removed to this Court and can be found at 2:13-cv-00976-APG-CWH.  Defendants' motion to consolidate that case with this case was denied.  *See* Order (#151).

similarities; however, there are meaningful and critical differences as well. Despite the conflation of the potential sources from which sanctions may flow, a review of the motion makes clear that Defendants are seeking sanctions exclusively under Rule 37(b).

Defendants seek two specific sanctions: (1) an order requiring Plaintiff to withdraw her complaint filed in state court (and subsequently removed) and (2) an order holding Plaintiff's counsel in contempt for violation of the stipulated protective order. Defendants have cited no authority to support the proposition that an appropriate sanction under Rule 37(b) is to order withdrawal of a complaint pending in another court or before another judge. The Court will not enter such a heavy handed sanction absent the moving party briefing the legal authority for it to do so. Moreover, the cases Defendants does cite that reference Rule 37(b) are very clear that an order for civil contempt under Rule 37(b) requires much more than bare bones allegations of wrong doing. A moving party seeking an order of contempt has the burden to establish by clear and convincing evidence that (1) the respondent violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order. *United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010). The "clear and convincing" standard requires more than proof by a preponderance of the evidence and less than proof beyond a reasonable doubt." *Singh v. Holder*, 649 F.3d 1161, 1169 (9th Cir. 2011).

Defendants have failed to provide clear and convincing evidence to support a contempt sanction. The gravamen of Defendants' allegations against Plaintiff's counsel is that she used confidential information obtained during discovery improperly. Of particular import appears to be her alleged use of confidential deposition testimony from the following to support a separately filed claim: Defendants' Rule 30(b)(6) designee, Patricia Schaffran, and Charles Wallace. However, while Defendants cite to portions of the filing to which they object, they do not provide any evidence to support the notion that the information was ever designated confidential. For example, they do not include portions of the transcript that were designated as confidential. Nor do they make any effort to delineate what portion, if any, of the sections of the complaint at issue may not be confidential. In short, they have simply made unsupported, bare bones allegations. This falls decidedly below the standard for a potential contempt sanction under Rule 37(b).

**CONCLUSION**

It is not difficult to detect the strong undercurrent of acrimony between the parties in this case. Acrimony between parties does not excuse a party seeking significant sanctions from properly briefing the motion and supporting the request. It is worth repeating the familiar refrain, "judges are not like pigs, hunting for truffles in briefs. Nor are they archaeologists searching for treasure. Put simply, the Court is not obligated to paw over files . . . in order to make a party's claim." *See Romero v. Nevada Dept. of Corrections*, 2013 WL 6206705 (D. Nev.) (citations omitted); *see also U-Haul Co. of Nevada, Inc. v. Gregory J. Kamer, Ltd.*, 2013 WL 4505800 (D. Nev.) ("[T]he Court reminds the parties that the burden of representation lies upon them, and not upon the Court. Whether it is the familiar 'pigs hunting for truffles' metaphor or the 'spaghetti approach,' the idea that the Court will not perform the work of representing the parties is clear."). "[I]t is not the responsibility of the judiciary to sift through scattered papers in order to manufacture arguments for the parties." *Agarwal v. Oregon Mut. Ins. Co.*, 2013 WL 211093 (D. Nev.) (citation omitted).

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendants' Motion for Sanctions re: Discovery (#80) is **denied**.

DATED: January 3, 2014.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge