UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SANDRA K. KRAUSE,

        Plaintiff,

vs.

NEVADA MUTUAL INSURANCE CO., *et al.*,

        Defendants.

Case No. 2:12-cv-00342-JCM-CWH

**ORDER**

      This matter is before the Court on Plaintiff's Motion to Compel Discovery (#68), filed April 15, 2013; Defendants' Response (#72), filed April 29, 2013; and Plaintiff's Reply (#77), filed May 13, 2013.

**BACKGROUND**

      Both the Court and the parties are familiar with the procedural and factual background of this case. Plaintiff has alleged (1) gender discrimination in violation of 42 U.S.C. § 2000e *et seq*., (2) gender discrimination in violation of Nevada Revised Statute ("NRS") 613.310 *et seq*., and (3) retaliation.[1] The only remaining defendants are Nevada Mutual Insurance Company ("NMIC") and Trean Corporation ("Trean"). The motions under consideration have been pending since before discovery closed and before Defendants filed their motion for summary judgment. Generally, a timely motion to compel should be considered before consideration of a summary judgment motion. *See Haney v. Nelson*, 476 Fed. Appx. 147 (9th Cir. 2012) (citing *Garrett v City of San Francisco*,

---

[1] The following claims have been dismissed: (1) Plaintiff's claim for intentional infliction of emotional distress, (2) Plaintiff's claim of constructive discharge, (3) Plaintiff's claim for negligent hiring, supervision and retention, (4) Plaintiff's claim for tortious interference with employment relationship, and (5) Plaintiff's claim for breach of the covenant of good faith and fair dealing. All claims against Mr. Andrew O'Brien and Roe and Doe defendants have been dismissed.

818 F.2d 1515, 1518 (9th Cir. 1987).

**1. Plaintiff's Motion to Compel (#68)**

By way of this motion, Plaintiff seeks an order compelling Defendants to produce responsive documents to three Rule 34 requests for production. The requests for production at issue are request numbers 1-3, set forth in Plaintiff's first set of Rule 34 requests. The requests and responses are as follows:

> **Request for Production No. 1: Please produce all documents (e.g. corporate records) showing the tenure of each and every board member on the board of Nevada Mutual at any time during the time period from May 2006 (a year before Ms. Krause was hired) to present.**
>
> **Response: Objection.  This request is vague, overly broad, unduly burdensome, not limited in scope, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving said objections, all responsive documents will be produced upon execution of a Stipulated Protective Order.**
>
> **Request for Production No. 2: Please produce all documents (e.g. corporate records) showing the tenure of each and every officer of Nevada Mutual during the time period of May 2006 to present.**
>
> **Response: Objection.  This request is vague, overly broad, unduly burdensome, not limited in scope, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving said objections, all responsive documents will be produced upon the execution of a Stipulated Protective Order.**
>
> **Request for Production No. 3: Please produce a copy of all Board minutes for Nevada Mutual from May 2006 to present.**
>
> **Response: Objection. This request is vague, overly broad, unduly burdensome, not limited in scope, and not reasonably calculated to lead to the discovery of admissible evidence.**

*See* Exhibit 2 attached to Pl.'s Mot. (#68).  Plaintiff's counsel has attached a thorough certification detailing commendable and exhaustive efforts to confer regarding the discovery at issue. Ultimately, Plaintiff's counsel states that, on April 11, 2013, almost one year after the discovery was propounded, Defendants' counsel confirmed that responsive documents to requests numbers 2 and 3 would not be provided.

In her motion, Plaintiff takes specific exception with what are characterized as boilerplate, evasive objections.  Boilerplate objections notwithstanding, Plaintiff asserts that Defendants agreed to produce responsive information to request numbers 1 and 2 upon execution of a protective order.

2

1  The parties entered, and the Court approved, a protective order on December 6, 2012.  (#47).
2  Plaintiff argues further that the requests at issue are neither vague, overly broad, unlimited in scope,
3  nor unduly burdensome.  Plaintiff contends the requests seek specific, readily identifiable corporate
4  documents.  The requests are limited to documents from 2006 to the present, a limited time frame
5  reasonably related to Plaintiff's time of employment.  Plaintiff notes that the Secretary of NMIC,
6  Patricia Schaffran, testified during her deposition that it would likely take less than 30 minutes to
7  compile the records requested.  *See* Ex. 3 attached to Pl.'s Mot. (#68).  Lastly, Plaintiff argues that
8  the requests are relevant under Rule 26(b)(1).  Plaintiff seeks an award of reasonable costs and
9  attorney fees under Fed. R. Civ. P. 37(a)(5) for having to file this motion.

10  In response, Defendants' counsel claims that during the April 11, 2013, meet and confer she
11  proposed that Defendants produce resignation letters of NMIC board members in response to
12  request numbers 1 and 2.  Defendants' counsel believed the parties would revisit this issue, but did
13  not on account of Plaintiff filing her motion to compel.  Counsel did produce the resignation letter
14  of NMIC board members on April 17, 2013, after the motion to compel had been filed.  Defendants
15  go on to characterize the discovery as a fishing expedition for documents and information that are
16  irrelevant.  Even so, Defendants claim to have satisfied their obligation to respond to request
17  numbers 1 and 2 by producing quarterly statements for June 30, 2006 through June 30, 2012, listing
18  officers, directors, and trustees.  These responses were supplemented by the April 17, 2013,
19  production of resignation letters from NMIC directors.  Defendants continue to object to request
20  number 3 on the ground that it seeks irrelevant information.

21  In reply, Plaintiff's counsel disagrees that the parties agreed that production of resignation
22  letters would be sufficient to resolve the dispute regarding request numbers 1 and 2.  She further
23  notes that the resignation letters were only produced after the filing of this particular motion and do
24  not include the beginning tenure of the resigning individuals.  Therefore, Plaintiff contends they are
25  not responsive.  Plaintiff reiterates her position that the precise timing of each board member's
26  tenure is relevant because her claims involve the alleged impropriety of one of the board members.
27  Plaintiff also reiterates her position that the board minutes are relevant to show the power, influence,
28  connection, and presence of Mr. Chip Wallace within the corporate structure.

**DISCUSSION**

The scope of discovery under Federal Rule of Civil Procedure 26(b) is broad: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. As the Supreme Court reiterated in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." 437 U.S. at 351 (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).

Though broad, the scope of discovery is not without limits. The 2000 Amendment to Rule 26(b)(1) effectively limited the scope of discoverable information to those matters which are relevant to a claim or defense in the lawsuit. *See* Adv. Comm. Notes to 2000 Amendment to Rule 26(b)(1) ("The rule change signals to the court that it has authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings."). Though the line of demarcation between what is relevant and what is not is difficult to define with precision, courts must regulate the breadth of sweeping or contentious discovery. As has been previously stated, "[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to 'roam in the shadow zones of relevance and to explore matter which does not presently appear germane on the theory that it might conceivably become so.'" *Henderson v. Holiday CVS, LLC*, 269 F.R.D. 682, 686 (S.D. Fla 2010) (citing *Food Lion, Inc. v. United Food & Commercial Workers Intern. Union*, 103 F.3d 1007, 1012-13 (C.A.D.C. 1997)).

A motion to compel may be brought where responses provided to Rule 34 requests for production are insufficient. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv). Generally, the party seeking to compel discovery has the initial burden of establishing that a request satisfies the relevancy requirements of Rule 26(b)(1). *Hinkley v. Vail*, 2013 WL 2444214 (W.D. Wa.), order *rescinded in part* by, 2013 WL 3852984. It is not necessary for a moving party to make a *prima facie* case to justify discovery. When the discovery sought appears relevant on its face, "[t]he party resisting

discovery bears the burden of establishing lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance ." *Pulsecard, Inc. v. Discover Card Services, Inc.*, 168 F.R.D. 295, 309 (D. Kan. 1996) (citation omitted). "When the relevancy is not apparent, it is the burden of the party seeking discovery to show the relevancy of the request." *Id* (citations omitted); *see also Dolfo v. Bank of America, N.A.*, 2013 WL 1316705 (S.D. Cal.) ("Once the moving party establishes that the information is [relevant], the burden shifts to the opposing party to specify how the discovery request is irrelevant, overly broad, burdensome, or oppressive.") (citations omitted).

### 1. Requests for Production No. 1 and No. 2

The Court finds Defendants have adequately responded to each of these Rule 34 requests and no further responses will be ordered. Prior to the filing of this motion, Defendants produced the quarterly statements for NMIC, which clearly identify all officers, directors, and trustees for the relevant period. *See* Exhibit A attached to Defs' Resp. (#72). It is a small list with few changes. Plaintiff has failed to articulate, even under the lenient relevance standard of Rule 26(b)(1), how the precise dates of tenure are necessary in light of the information contained in the quarterly statements. In order to make the connection, Plaintiff appears to expand the scope of the actual request to include the reasons why officers or members joined or left the organization. However, the precise dates of tenure of any officer or board member sheds no light on the reasons why they might have left or joined. Plaintiff has been given a sufficient response, which clearly indicates the officers and board members for the period requested. It further provides sufficient information regarding the departure of certain individuals and the addition of others. Neither the reasons for removal nor the process of recruitment are matters that would be answered or addressed by production of the precise dates of tenure. Consequently, Plaintiff's request to compel further responses is denied.

### 2. Request for Production No. 3

By way of this request, Plaintiff requests the production "all Board minutes for Nevada Mutual from May 2006 to present." There are several issues to which the board minutes for Nevada Mutual may be relevant, as that term is understood in Rule 26(b)(1). For example, Plaintiff alleges

that she operated Nevada Mutual's claims department and was touted as both the Assistant Vice President and Vice President of claims during her time there. Though Defendants' deny this allegation, it is entirely possible that discussion regarding Plaintiff, her role, the quality of her work, and her employment, or lack thereof, with Defendant NMIC would be discussed during a board meeting. Additionally, Plaintiff's claims include gender discrimination and retaliation that stems, in large measure, from the alleged conduct of Charles Wallace, who has served on the NMIC Board of Directors since at least one year before Plaintiff alleges she joined the company. Plaintiff is entitled to discover whether the board had discussion regarding the claims lodged against Mr. Wallace by Plaintiff.[2] Lastly, Defendants have raised several affirmative defenses, including: (1) that NMIC was not Plaintiff's employer, (2) no adverse employment action was taken against Plaintiff, and (3) any employment actions were based on legitimate, non-discriminatory or retaliatory reasons. Board minutes may, potentially, shed significant light on these defenses. Accordingly, the Court has little trouble concluding that NMIC board minutes appear reasonably calculated to lead to admissible evidence.

The Court further finds that the request is neither vague nor unduly burdensome. Indeed, NMIC Secretary and Treasurer, Patricia Schaffran, testified during her deposition that (1) it would not be difficult to gather responsive documents, (2) would only take her about 30 minutes, and (3) she would not consider the task burdensome. *See* Ex. 3 attached to Pl's Mot. (#68). The only issue is that a request for "all" board minutes would, in all likelihood, include discussion of business or matters that are entirely irrelevant to Plaintiff or this case. Nevertheless, the parties have entered into a stipulated protective order which should alleviate any concerns. Consequently, the Court will require Defendant NMIC to produce unredacted Board minutes from May 2006 through March 9, 2011, the date on which Plaintiff's consulting contract was allegedly terminated.

**3. Fees under Rule 37**

Plaintiff requests an award of reasonable costs and fees for having to bring this motion. Rule 37(a)(5)(C) provides that if a motion is granted in part and denied in part, as here, the Court

---

[2] Defendants did not object to the discovery request on any grounds not identified in their response.

may apportion the reasonable expenses for the motion.  The Court declines to do so.  Each party shall bear their own fees in relation to the motion.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (#68) is **granted in part and denied in part**.  Each party shall bear their own fees in relation to the motion.

**IT IS FURTHER ORDERED** that Defendant NMIC shall produce unredacted Board minutes for Nevada Mutual from May 2006 through March 9, 2011.  The records shall be produced by **January 15, 2014**.

DATED: January 10, 2014.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge