**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SANDRA K. KRAUSE,                          )
                                          )
                Plaintiff,                 )     Case No. 2:12-cv-00342-JCM-CWH
                                          )
vs.                                       )     **ORDER**
                                          )
NEVADA MUTUAL INSURANCE CO., *et al*.,      )
                                          )
                Defendants.                )
_____ )

      This matter is before the Court on Defendants' Affidavit of Fees (#156), filed December 20, 2013.

      On December 16, 2013, Plaintiff's motion to compel (#76) was denied. *See* Order (#155). Because it was denied, the Court indicated that it would consider an award of fees under Fed. R. Civ. P. 37(a)(5)(B). Defendants' counsel was instructed to file an affidavit of reasonable expenses, including attorney's fees, incurred in opposing the motion by December 23, 2013. Plaintiff's counsel was given until January 6, 2014, to file her response. Defendants' counsel submitted an affidavit of fees on December 20, 2013, requesting an award of $6,026.00 in costs and fees for having to oppose Plaintiff's motion to compel (#76). On December 24, 2013, Plaintiff's counsel filed a motion to extend the time to file her objections to the underlying order (#155) to January 9, 2014, which was granted. (#159). The parties subsequently filed a stipulation to extend deadline to file an objection to January 27, 2014, which was also granted. (#164). Plaintiff's counsel did not request an extension of the deadline within which to file her response to Defendants' affidavit of fees (#76), and she did not file a request that enforcement of the Court's order (#155) or the deadlines associated with the potential fee award be stayed pending her objection.

      Given the failure to file a response or request a stay of briefing on the fee award pending an objection, the Court finds it is appropriate to grant the affidavit of fees (#156). First, because the affidavit is unopposed Plaintiff's counsel has consented to its granting. *See* Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion shall constitute a

consent to the granting of the motion.).  Second, the extensions granted Plaintiff to file her

objections to the undersigned's order (#155) do not reference the briefing deadlines on the potential

fee award established in the order.  Furthermore, neither extension sought a stay of the underlying

order, and Plaintiff has made no effort to satisfy her obligation to show that the order should be

stayed.

 "A stay is an 'intrusion into the ordinary process of administration and judicial relief.'"

*Nken v. Holder*, 556 U.S. 418, 427 (2009).  "A stay is not a matter of right . . . .  It is instead 'an

exercise of judicial discretion' . . . [that] 'is dependant upon the circumstances of the particular

case.'" *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (citation omitted).  In exercising its

discretion, a court is guided by the following legal principles:  (1) has the movant made a strong

showing it is likely to succeed on the merits of the appeal, (2) will the movant suffer irreparable

injury in the absence of a stay, (3) will other parties be substantially injured by a stay, and (4) where

the public interest lies.  *Id.* (citing *Nken*, 556 U.S. 418, 434 (2009); *see also Trustees of Northern

Nevada Operating Engineers Health & Welfare v. Mach 4 Construction, LLC*, 2009 WL 1940087

*2 (D. Nev.) (citation omitted) (applying the same factors in addressing a stay pending appeal of a

magistrate judge's order under the clearly erroneous standard of Fed. R. Civ. P. 72(a)).  "The party

requesting a stay bears the burden of showing that the circumstances justify an exercise of [the

Court's] discretion." *Bullock*, 697 F.3d at 1203 (citation omitted).

As previously noted, Plaintiff has failed to request a stay or articulate the standards for

determining whether a stay is appropriate.  It appears Plaintiff believes that her desire to file an

objection to an order entered by a magistrate judge works as an automatic stay of the order.  The

motion considered in the underlying order (#76) was referred to the undersigned pursuant to Local

Rule IB 1-3, which provides that "[a] magistrate judge may hear and finally determine any pretrial

matter not specifically enumerated as an exception in 28 U.S.C. § 636(b)(1)(A)."   The order was a

non-dispositive pretrial order.  It does not fall under any of the enumerated exceptions listed within

section 636(b)(1)(A).

One potential argument in favor of an automatic stay pending an objection to a non-

dispositive order entered by a magistrate judge is maintenance of the status quo.  However,

2

1   preservation of the status quo is not "among the factors regulating the issuance of a stay." *Golden*

2   *Gate Resaturant Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1116 (9th Cir. 2008).

3   *Id*. Analysis of the traditional stay factors contemplates "individualized judgments in each case . . . .

4   the formula cannot be reduced to a set of rigid rules." *Id*. As stated in *Golden Gate*, "[m]aintaining

5   the status quo is not a talisman." *Id*. Certainly an aggrieved party has the opportunity to file and

6   serve timely objections to an order issued by a magistrate judge on a non-dispositive pretrial motion,

7   but such objections do not serve to automatically stay implementation of the order. *See Great-West*

8   *Life & Annuity Ins. Co. v. American Economy Ins. Co.*, 2013 WL 5954470 (D. Nev.); *see also In re*

9   *Air Crash at Taipei, Taiwan*, 2002 WL 32155477 (C.D. Cal.) ("Such an interpretation is more

10  consistent with the Magistrate's Act's goals of facilitating the quick and final resolution of referred

11  pretrial matters. If an objection operates as a stay of the order, not only is the losing litigant given

12  an artificial incentive to object, but the [magistrate judge's] decision-making ability is eroded. It

13  should be remembered that the magistrate [judge] is empowered to 'determine' pretrial matters. A

14  [magistrate judge's] order will not determine anything if it can be automatically stayed by filing an

15  objection. Indeed, such an interpretation would essentially reduce the [magistrate judge's] order to

16  the status of a recommendation where an objection is raised."); *see also De Leon v. CIT Group, Inc.*,

17  2013 WL 950527 (D. Nev) ("The filing of objections to a magistrate judge's order on a non-

18  dispositive matter does not stay the order's operation."); *Oracle American, Inc. v. Google, Inc.*,

19  2011 WL 3794892 (N.D. Cal.) (same); *Litton Industries, Inc. v. Lehman Brothers Kuhn Loeb, Inc.*,

20  124 F.R.D. 75, 79 (S.D.N.Y. 1989) ("[A]llowing the automatic stay of [magistrate judge's] orders

21  would not only encourage the filing of frivolous appeals, but would grind the magistrate system to a

22  halt.").

23       Nevertheless, the Court has undertaken an independent review of Defendants' affidavit of

24  fees (#156). The Supreme Court has held that reasonable attorney fees must "be calculated

25  according to the prevailing market rates in the relevant community," considering the fees charged by

26  "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S.

27  886, 895-96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when

28  determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the

3

1  Court must calculate the lodestar amount "by taking the number of hours reasonably expended on

2  the litigation and multiplying it by a reasonable hourly rate." *Id.* "The party seeking an award of

3  fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the

4  documentation of hours is inadequate, the district court may reduce the award accordingly."

5  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only

6  on rare and exceptional occasions], upward or downward using a multiplier based on factors not

7  subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214

8  F.3d 1041, 1045 (9th Cir. 2000).

9      Reasonable attorney fees must "be calculated according to the prevailing market rates in the

10  relevant community." *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). The relevant community

11  consists of the forum in which the case is pending. *Camacho v. Bridgeport Financial, Inc.,* 523

12  F.3d 973, 978 (9th Cir. 2008). The court may consider rates outside the forum if local counsel was

13  unavailable because they lacked the degree of experience, expertise, or specialization required to

14  properly handle the case. *Id*. (*citing Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)).

15  Additionally, the court must consider the market rate in effect within two years of the work

16  performed. *Bell v. Clackamas County*, 341 F.3d 858, 869 (9th Cir. 2003). Determining the

17  appropriate market rate is inherently difficult for a number of reasons. Traditional supply and

18  demand principles do not ordinarily apply to prevailing market rates for lawyers. *Id.* The hourly

19  rate of lawyers in private practice varies widely. *Id.* The type of services provided by lawyers, as

20  well as their experience, skill, and reputation, varies extensively. Consequently, the fee applicant

21  has the burden of producing satisfactory evidence that "the requested rates are in line with those

22  prevailing in the community for similar services by lawyers of reasonably comparable skill,

23  experience, and reputation." *Id.*

24      An affidavit from the fee applicants' attorney attesting to the reasonableness of the hourly

25  rate can be sufficient for purposes of establishing the rate. *Camacho*, 523 F.3d at 980 (*citing United

26  Steel Workers of Am. v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir. 1990)). Defendants'

27  counsel filed an affidavit listing her hourly rate as $290.00 and her associate's hourly rate as

28  $220.00. The Court finds that the rates listed are reasonable within the District of Nevada for work

1   performed by attorneys of comparable skill and experience.

2        The Court next turns to the reasonable number of hours expended.  It is imperative that

3   documentation of hours be adequately presented to the court.  Failure to do so justifies a reduction

4   in any award.  *Hensley*, 461 U.S. at 433.  The court may exclude hours related to overstaffing,

5   duplication, excessiveness, and otherwise unnecessary to the issue.  *Id.*  The Court has reviewed the

6   affidavit and finds there are several instances where reduction is necessary.  The Court will deny

7   recovery for the formulation of strategy entries as unnecessary in light of the fact that the

8   "formulating" attorney did not draft the opposition.  *See* Aff. (#156) at ¶¶ 6, 8.  The Court will also

9   deny recovery for revision and editing as duplicative and excessive.  *See* Aff. (#156) at ¶¶ 12, 13,

10  and 14.  Defense counsel has indicated that approximately 22.9 hours was expended in drafting the

11  opposition.  The Court finds this to be excessive in light of the straightforward and non-complex

12  nature of both the motion and the opposition.  The Court, therefore, will reduce the number of hours

13  for recovery to 15.1 hours.  *See* Aff. (#156) at ¶¶ 9, 10.

14       Based on the foregoing, the Court finds that the reasonable costs and attorneys' fees incurred

15  in opposing Plaintiff's motion (#76) are $3,322.00 ($220.00 * 15.1).  Payment of the fees and

16  expenses is due within **fourteen (14) days** after resolution of Plaintiff's yet to be filed objections to

17  the underlying order (#155).  Accordingly,

18       **IT IS HEREBY ORDERED** that Defendants' Affidavit of Fees (#156) is **granted** in the

19  amount of $3,322.00.

20       **IT IS FURTHER ORDERED** that payment of the fees are due within **fourteen (14) days**

21  after resolution of Plaintiff's yet to be filed objections to the underlying order (#155).

22       DATED: January 13, 2014.

23

24   _____

25   C.W. Hoffman, Jr.
     United States Magistrate Judge

26

27

28

                                        5