**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SANDRA K. KRAUSE,<br>Plaintiff,<br>vs.<br>NEVADA MUTUAL INSURANCE CO., *et al*.,<br>Defendants. | Case No. 2:12-cv-00342-JCM-CWH<br>**ORDER** |

This matter is before the Court on Plaintiff's Motion to Compel (#144), filed September 6, 2013; Defendants' Response (#147), filed September 23, 2013; and Plaintiff's Reply (#149), filed October 2, 2013.

**BACKGROUND**

Both the Court and the parties are familiar with the procedural and factual background of this case. Plaintiff has alleged (1) gender discrimination in violation of 42 U.S.C. § 2000e *et seq*., (2) gender discrimination in violation of Nevada Revised Statute ("NRS") 613.310 *et seq*., and (3) retaliation.[1] The only remaining defendants are Nevada Mutual Insurance Company ("NMIC") and Trean Corporation ("Trean"). After a series of extensions, the discovery cutoff date was established as May 3, 2013, and the dispositive motions deadline established as June 3, 2013. (#63).

Plaintiff's motion (#144) seeks a court order compelling Defendants to produce more information in regard to requests for production 83-88 as fully set forth in Plaintiff's eleventh set of Rule 34 Requests for Production. Plaintiff further requests that she be permitted to depose an additional Rule 30(b)(6) designee regarding the information she seeks to compel. By way of general

---

[1] The following claims have been dismissed: (1) Plaintiff's claim for intentional infliction of emotional distress, (2) Plaintiff's claim of constructive discharge, (3) Plaintiff's claim for negligent hiring, supervision and retention, (4) Plaintiff's claim for tortious interference with employment relationship, and (5) Plaintiff's claim for breach of the covenant of good faith and fair dealing. All claims against Mr. Andrew O'Brien and Roe and Doe defendants have been dismissed.

synopsis, Plaintiff seeks (1) pay data for all TREAN employees, (2) pay data for all persons serving in vice-presidential positions within TREAN, and (3) documents justifying any discrepancies between pay for male and female employees. The discovery requests at issue were propounded on February 21, 2013. Responses were received on March 25, 2013. Supplemental responses were received on April 29, 2013.

Defendants oppose the motion, arguing that (1) the request is overly broad and seeks irrelevant information, (2) the information requested is "unacceptably intrusive" as to TREAN employees not similarly situated to Plaintiff, (3) the relevant information has already been produced, and (4) the information sought is the subject of an unopposed protective order. Defendants also appear to argue that Plaintiff's motion is untimely as it was filed well after the discovery cutoff date, the dispositive motion deadline, and after the filing of a motion for summary judgment.

In reply, Plaintiff alleges that Defendants, and their counsel, have engaged in obstructive tactics to hide and withhold facts. This, Plaintiff argues, entitles her to an inference that the withheld information directly proves her pay discrimination claim. Plaintiff also claims that Defendants have made no effort to justify their attempt to make disfavored boilerplate objections and that the affidavit submitted with the response presents new, contradictory information that was not previously disclosed.

## DISCUSSION

Plaintiff's motion is made pursuant to Federal Rule of Civil Procedure 37(a), which permits a party to move for an order compelling responses to Rule 34 requests for production. Before filing, the moving party must make a good faith effort to confer or attempt to confer in an effort to obtain the discovery without court action. Fed. R. Civ. P. 37(a)(1). Rule 37(a)(5) applies to the payment of reasonable expenses, including attorney fees incurred in making or opposing the motion. Plaintiff satisfied both the meet and confer requirement of Rule 37 and personal consultation requirement of Local Rule 26-7(b) prior to filing this motion.

After consideration, the undersigned finds that Plaintiff's motion to compel (#144) should be denied because (1) it seeks information that was the subject of an unopposed protective order, and

(2) the motion is untimely.[2] Federal Rule of Civil Procedure 16 requires the Court, in all cases not otherwise exempted, to issue a scheduling order limiting time to complete discovery and file motions. *See* Fed. R. Civ. P. 16(b)(3). Rule 16 is taken seriously. *See e.g. Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). The Ninth Circuit has stated:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

*Wong v. Regents of the Univ. Of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). The burden is upon the individual parties to prosecute their case properly. A party is not permitted to shift the blame onto others in order to mask its own failures. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). Affirming the importance of a scheduling order, several courts within the Ninth Circuit have denied discovery motions filed after the close of discovery. *Kizzee v. Walmart, Inc.*, 2011 WL 3566881 (D. Ariz.) (denying motion to compel filed three months after the close of discovery and after motions for summary judgment had been filed); *Skinner v. Ryan*, 2010 WL 4602935 (D. Ariz.) (motion to compel filed over a month after the deadline for bringing discovery disputes to the court's attention denied as untimely); *Christmas v. MERS*, 2010 WL 2695662 (D. Nev.) (denying motion to compel filed after deadline for discovery and dispositive motions as untimely); *Argarwal v. Oregon Mut. Ins. Co.*, 2013 WL 211093 (D. Nev.) (denying discovery motion filed after the close of discovery, after the dispositive motions deadline, and after the summary judgment was fully briefed).

Neither the Federal Rules, Local Rules, nor Scheduling Order establishes a specific deadline for filing discovery motions in this case. It has, however, long been the policy in this District that, absent unusual circumstances, discovery motions should be filed before the scheduled date for filing dispositive motions. *See e.g. Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620 (D. Nev.); *Argarwal*,

---

[2] Requests for production 83, 84, 86, and 87 were the subject of Defendants' motion for protective order (#83), which was granted due to Plaintiff's non-opposition. *See* Order (#153).

2013 WL 211093 (D. Nev.); *Thurston v. City of North Las Vegas*, 2011 WL 3841110 (D. Nev.); *Hall v. Schumaker*, 2011 WL 4458845 (D. Nev.). As stated in *Gault*, "[t]he requesting party cannot delay a motion to compel with impunity." 184 F.R.D. at 622 (citation omitted). In analyzing the timeliness issue, the court in *Rogers v. Brauer Law Offices, PLC* provided a useful, non-exhaustive list of factors that courts have considered in determining the timeliness of a motion to compel: (1) the length of time since expiration of the deadline, (2) the length of time the moving party has known about the discovery, (3) whether the discover deadline has been previously extended, (4) the explanation for the tardiness or delay, (5) the age of the case, (6) any prejudice to the party from whom the discovery is sought, and (7) disruption of the court's schedule. *Rogers*, 2011 WL 3665346 (D. Ariz.) (citing *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 397 (N.D. Tex. 2006)).

Under any standard, the unusual circumstances necessary to justify the filing of a motion to compel approximately four (4) months after the close of discovery and three (3) months after the dispositive motions deadline are not present here. Plaintiff's counsel concedes that she knew of the alleged deficiencies in Defendants' responses immediately upon receipt, which was approximately forty (40) days before the discovery deadline.[3] *See* Decl. attached to Pl's. Mot. (#144) at ¶ 2. Plaintiff's counsel engaged in repeated attempts to obtain further responses prior to the discovery cutoff date to no avail, but did not file a motion to compel prior to expiration of the discovery deadline. Even after the discovery deadline passed, Plaintiff's counsel continued her attempts to gain further discovery, but chose not file a motion to compel or a motion to reopen or extend the discovery deadline or the dispositive motions deadline. On May 16, 2013, after her "pointed" requests for further responses was rejected by opposing counsel, Plaintiff's counsel still did not file a motion to compel despite there being more than two weeks to the dispositive motions deadline. *Id*. at ¶ 4. Later, despite being informed that no further responses would be provided, Plaintiff's counsel continued to informally request additional responses, and even sent a letter to defense

---

[3] Indeed, one of the reasons proffered in support of extending discovery to May 3, 2013, was the need to accommodate responses to the discovery in question and allow for any necessary motion practice related thereto. *See* (#63).

counsel on May 29, 2013, a few days before the dispositive motions deadline. *Id*. at ¶ 5.

There is little debate that a timely motion to compel should be considered before consideration of a summary judgment motion. *See Haney v. Nelson*, 476 Fed. Appx. 147 (9th Cir. 2012) (citing *Garrett v City of San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987). However, this particular motion is not timely. Plaintiff knew about the allegedly deficient responses long before the close of discovery, long before expiration of the dispositive motion deadline, and long before she filed her response to the pending motion for summary judgment. Even so, she determined not to file a motion to compel until nearly three (3) months after the dispositive motion deadline. Plaintiff did not request that discovery be reopened and made no attempt to demonstrate that unusual circumstances exist which would justify consideration of a motion to compel at this stage in the proceedings. A party seeking discovery "cannot delay a motion to compel with impunity." *Gault*, 184 F.R.D. at 622 (citation omitted).

In her motion, Plaintiff does reference her request, contained in the response to Defendants' timely motion for summary judgment, for relief under Fed. R. Civ. P. 56(d). *See* Decl. attached to Pl's Resp. (#125).[4] By way of the Rule 56(d) request, Plaintiff seeks to obtain additional facts through discovery motions pending at the time the response was filed.[5] The declaration submitted in support of the Rule 56(d) request includes language indicating Plaintiff's counsel was continuing to meet and confer in order "to elicit [facts] in discovery in this matter through current and one soon to be filed motions to compel." *See* Decl. attached to Pl's Resp (#125) at ¶ 5. The Court assumes that the motion currently under consideration, which is the only discovery motion filed after the

---

[4] On June 3, 2013, the dispositive motion deadline, Defendants filed a motion for summary judgment (#89). On June 26, 2013, the parties filed a stipulation to continue the response deadline to the motion for summary judgment, which was granted. (#115). The stipulation made no reference to needing to obtain additional discovery. On July 20, 2013, Plaintiff filed her response to Defendants' motion for summary judgment on July 20, 2013. (#125).

[5] For example, Plaintiff's motion to compel (#68) coincides with paragraphs 6-14 of Plaintiff's counsel Rule 56(d) declaration. *See* Decl. attached as exhibit 1 to Plaintiff's response (#125). Plaintiff's motion to compel (#76) coincides with paragraphs 15-18 of Plaintiff's counsel's Rule 56(d) declaration. *Id*. *See* Order (#155). Plaintiff's motion to compel (#85) coincides with paragraphs 19-23 of Plaintiff's counsel's Rule 56(d) declaration. *Id*.

response was filed, is the future motion referenced in counsel's declaration.

Generally speaking, Rule 56(d) has been read as "requiring, rather than merely permitting, discovery 'where the nonmoving party has not had the opportunity to discovery information that is essential to its opposition.'" *Metabolife Inter., Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (citation omitted). Even so, the Court retains discretion to determine whether to grant a Rule 56(d) motion. *E.g. Morton v. Hall*, 599 F.3d 942, 945 (9th Cir. 2010). Rule 56(d) requests are granted fairly freely when a party has not had any realistic opportunity to pursue discovery relating to the party's theory of the case. *Burlington N. Santa Fe. R.R. Co. v. The Assiniboine & Sioux Tribers of the Fort Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003). Not only does the party requesting Rule 56(d) relief bear the burden to proffer sufficient facts to show that the sought after evidence exists and would prevent summary judgment, it must also show that it was diligent in pursuing its previous discovery opportunities. *See Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994) (it is an abuse of discretion to deny relief "if the movant diligently pursued its *previous* discovery opportunities, and if the movant can show how allowing *additional* discovery would have precluded summary judgment") (emphasis in original); *see also Pfingston v. Ronan Engineering Co.*, 284 F.3d 999, 1005 (9th Cir. 2002) (failure to conduct discovery diligently is grounds for denial of a Rule 56(d) motion); *see also Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986) ("[T]he movant cannot complain if it fails to pursue discovery diligently before summary judgment."). As the Ninth Circuit noted in *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, it is not diligent to move to compel discovery "only *after* the deadlines for discovery or submission of dispositive motions [has] passed . . . ." 460 F.3d at 1179.

The undersigned takes no position on whether the evidence sought through this motion to compel would affect the motion for summary judgment. However, it is clear from the record that Plaintiff was not diligent in pursuing discovery prior to making the Rule 56(d) request. This is not a situation where the motion for summary judgment was filed early in the litigation process. The case has been pending for approximately two years. Formal discovery began on August 10, 2012, and continued through May 3, 2013. In that time, Plaintiff propounded several different sets of Rule 34

requests for production and conducted multiple depositions. The discovery deadline and dispositive motions deadline were extended twice. *See* Orders (#44) and (#63).

Moreover, Plaintiff filed multiple motions to compel within the discovery period and prior to expiration of the dispositive motions deadline. Plaintiff's counsel knew of the alleged deficiencies in Defendants' responses to the discovery requests currently under consideration approximately forty (40) days before the discovery deadline, but did not file a motion to compel even after comprehensive informal efforts to obtain the discovery prior to the discovery deadline. Plaintiff continued to pursue the discovery informally between expiration of the discovery deadline and the dispositive motions deadline, to no avail. Additionally, near the end of discovery, Defendants filed a timely motion for protective order (#83) specifically relating to much of the discovery at issue, which was granted due to Plaintiff's non-opposition. *See* Order (#153). Lastly, even after the motion for summary judgment was filed, it took Plaintiff over ninety (90) days to file this motion to compel. Plaintiff failed to diligently pursue the discovery at issue during her comprehensive previous discovery opportunities. Her Rule 56(d) request cannot and should not work as an end around the normal requirement that parties diligently pursue discovery during the discovery period. Consequently, the Court rejects the argument that the Rule 56(d) renders this motion timely.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (#144) is **denied**.

DATED: February 4, 2014.

C.W. Hoffman, Jr.
United States Magistrate Judge