# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SANDRA K. KRAUSE,

        Plaintiff,

v.

NEVADA MUTUAL INSURANCE COMPANY, et al.,

        Defendants.

2:12-CV-342 JCM (CWH)

**ORDER**

Presently before the court is the matter of *Krause v. Nevada Mutual Insurance Company, et al.*, case no. 2:12-cv-342-JCM-CWH. This order addresses the following:

- Plaintiff's motion to reconsider Magistrate Judge Hoffman's order. (Doc. # 160).
- Plaintiff's motion to reconsider the magistrate judge's order. (Doc. # 162).
- Plaintiff's motion to reconsider the magistrate judge's order. (Doc. # 176).
- Plaintiff's motion to extend time. (Doc. # 186).
- Plaintiff's motion for leave to file. (Doc. # 188).
- Plaintiff's motion to reconsider the magistrate judge's order. (Doc. # 189).
- Plaintiff's motion to reconsider the magistrate judge's order. (Doc. # 191).

**I.    Background**

Plaintiff Sandra Krause was formerly employed by defendant Trean Corp. ("Trean"). According to the complaint, defendant Nevada Mutual Insurance Company, Inc. ("NMIC") provides

**James C. Mahan**
**U.S. District Judge**

professional liability insurance for medical providers in Nevada, and has a management agreement with Trean in which Trean provides various services to NMIC.

Plaintiff alleges that she was subjected to inappropriate sexual comments and behavior over the course of her employment with defendant(s) and was retaliated against.

The remaining claims seek relief for (1) gender discrimination in violation of 42 U.S.C. § 2000e *et seq.*; (2) gender discrimination in violation of NRS 613.310 *et seq.*; and (3) retaliation. Only defendants NMIC and Trean remain.[1]

The instant motions take issue with discovery-related orders that were issued by the magistrate judge.

## II.   Legal Standards

   *A.   Motion to reconsider*

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). "This subsection would also enable the court to delegate some of the more administrative functions to a magistrate, such as . . . assistance in the preparation of plans to achieve prompt disposition of cases in the court." *Gomez v. United States*, 490 U.S. 858, 869 (1989).

"A finding is clearly erroneous when, although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Global Advanced Metals USA, Inc. v. Kemet Blue Powder Corp.*, No. 3:11-CV-00793-

---

[1] The following claims have been dismissed: (1) plaintiff's claim for intentional infliction of emotional distress; (2) constructive discharge; (3) negligent hiring, supervision and retention; (4) tortious interference with employment relationship; and (5) breach of the covenant of good faith and fair dealing. All claims against Mr. Andrew O'Brien and "Roe" and "Doe" defendants have also been dismissed.

James C. Mahan
U.S. District Judge

- 2 -

1 RCJ-VPC, 2012 WL 3884939, at *3 (D. Nev. Sept. 6, 2012).

**III. Discussion**

    *A.    Objection to order on motion to seal*

Plaintiff objects (doc. # 160) to the magistrate judge's order (doc. # 152) granting defendants' second motion to seal (doc. # 99). Defendants have responded. (Doc. # 166).

On June 14, 2013, defendants filed the underlying motion (doc. # 99) seeking to seal certain exhibits relied upon in support of their motion for summary judgment. Because plaintiff did not oppose that motion, the magistrate judge granted it pursuant to the local rules on December 12, 2013. (Doc. # 152) (citing Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion.")).

Plaintiff admits she failed to respond, but argues that the Ninth Circuit's ruling in *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) overrides LR 7-2(d) and prohibits the sealing of those documents. Plaintiff fails to cite to any authority supporting her contention that the local rule cannot be applied in this instance, i.e., in the context of a non-dispositive motion. Instead, plaintiff's entire objection appears to be a response to defendants' underlying motion and not a true objection to the magistrate judge's ruling.

Local Rule IB 3-1 requires the objecting party to show that the magistrate judge's ruling is "clearly erroneous or contrary to law." Plaintiff has not met this burden. Plaintiff argues that she "mistakenly failed" to respond because she was responding to defendants' summary judgment motion. This argument does not meet the requisite showing under LR IB 3-1. Clearly missing from the docket in the six month span between defendants' filing the underlying motion and the magistrate judge granting that motion is plaintiff's response or request to extend time to respond.

Accordingly, the magistrate judge correctly construed plaintiff's failure to respond as consent to the granting of defendants' motion under the local rules. The court will affirm the magistrate judge's decision to grant defendants' second motion to seal.

    *B.    Objection to protective order*

Plaintiff objects (doc. # 162) to the magistrate judge's order (doc. # 153) granting defendants'

**James C. Mahan**
**U.S. District Judge**

- 3 -

emergency motion for a protective order (doc. # 83). Defendants have responded. (Doc. # 175).

On May 28, 2013, defendants sought a protective order on the information they provided in response to plaintiff's various requests for production. (Doc. # 83). Shortly after, plaintiff filed a notice of intent, indicating that she intended to file her opposition to the motion by June 14, 2013. (Doc. # 87). Despite her indications, plaintiff failed to file an opposition. As a result, on December 13, 2013, the magistrate judge granted defendants' motion for protective order pursuant to Local Rule 7-2(d).

Again, plaintiff admits she failed to respond, but contends that she mentioned and opposed the underlying motion in subsequent pleadings and that judicial economy would be better served by vacating the order. The court disagrees. Judicial economy is best served if attorneys fulfill their duties in a timely manner and in accordance with the applicable rules. The court is not obligated to predict counsel's position and craft anticipated objections on her behalf.

Plaintiff also argues that the underlying motion should be decided on the merits. In support, plaintiff cites to various decisions by this court, contending that defendants' unopposed motion should not be automatically granted.

Notably, the decisions plaintiff cites to again address unopposed *dispositive* motions, which is not the case here. Plaintiff's objection reads as a response to defendants' underlying motion and not an objection to the magistrate judge's order. As such, plaintiff has not met her burden in showing that the magistrate judge's order was "clearly erroneous or contrary to law."

Accordingly, the court will affirm the magistrate judge's decision to grant defendants' emergency motion for a protective order.

C.  *(1) Objection to order on motion to compel*

Plaintiff objects (doc. # 176) to the magistrate judge's order (doc. # 155) denying her motion to compel (doc. # 76) and awarding fees to defendants (doc. # 168). Defendants have responded. (Doc. # 183).

On May 11, 2013, plaintiff filed the underlying motion seeking to compel defendants to respond to a Rule 31 deposition by written questions. (Doc. # 76). The magistrate judge denied

James C. Mahan
U.S. District Judge

- 4 -

1  plaintiff's motion, reasoning that she failed to first obtain leave of the court before serving the Rule
2  31 written questions.

3        Plaintiff argues that leave is not necessarily required for the Rule 31 deposition of a
4  corporation pursuant to Rule 31(a)(4). Plaintiff's argument fails. Fed. R. Civ. P. 31(a)(4) states that
5  "[a] public or private corporation, a partnership, an association, or a governmental agency may be
6  deposed by written questions in accordance with Rule 30(b)(6)." Nothing in Rule 31(a)(4) indicates
7  leave is not required.

8        As the magistrate judge clearly explained, "Rule 31 plainly provides that leave of court must
9  be sought prior to serving written deposition questions in certain situations, including when the
10  parties have not stipulated to the deposition and the deponent has already been deposed." (Doc. #
11  155, p. 3-4). The magistrate judge found that there was "no question that defendant TREAN's rule
12  30(b)(6) designee was previously deposed on February 26 and 27, 2013" and that plaintiff
13  "completely ignored the portion of Rule 31 requiring leave in the case the potential deponent did not
14  stipulate to the deposition and had already been deposed in the case." (Doc. # 156).

15        The court finds that the magistrate judge's order was not clearly erroneous or contrary to the
16  law. Accordingly, the court will affirm the magistrate judge's decision to deny plaintiff's motion
17  to compel.

18        *(2) Objection to order on affidavit of fees*

19        On December 24, 2013, plaintiff filed a motion to extend time (doc. # 158) to file her
20  objections to the underlying order (doc. # 155) to January 9, 2014, which this court granted (doc. #
21  159). The parties thereafter stipulated to extend the deadline to file an objection to January 27, 2014.
22  (Doc. # 164).

23        On January 13, 2014, pursuant to LR 7-2(d), the magistrate judge granted defendants'
24  affidavit of fees (doc. # 156), filed December 20, 2013. (Doc. # 168). The magistrate judge
25  reasoned that plaintiff did not request an extension of the deadline within which to file her response
26  to defendants' affidavit of fees (doc. # 76), and she did not file a request that enforcement of the
27  court's order (doc. # 155) or the deadlines associated with the potential fee award be stayed pending
28

**James C. Mahan**
**U.S. District Judge**

- 5 -

her objection. Upon conducting an independent review of defendants' affidavit of fees (doc. # 156), the magistrate judge concluded that the reasonable costs and attorneys' fees incurred in opposing plaintiff's motion (doc. # 76) are $3,322. (Doc. # 168).     Plaintiff argues that her request for an extension of time to file objections "should have been construed as a request for an extension of time to oppose defendants' affidavit of fees because plaintiff indicated that she was objecting to the entire order." (Doc. # 146 5).

The court disagrees. Plaintiff should have requested an extension of time to oppose defendants' affidavit for fees if that was what she wanted her request to be construed as. Again, the court is not required to engage in guesswork in determining what plaintiff is actually requesting; it is her job to be sufficiently specific, which she was not.

Plaintiff also argues that because the magistrate judge issued his order before her objection deadline, she was not afforded an opportunity to be heard. This argument also fails. The magistrate judge gave plaintiff until January 6, 2014, to file her response, which plaintiff failed to do.

The court finds that the magistrate judge's order was not clearly erroneous or contrary to the law. Accordingly, the court will affirm the magistrate judge's decision to grant defendants' affidavit of fees.

D.     *Motions to extend time and for leave to file*

Plaintiff has filed a motion to extend time (doc. # 186) and sought leave to file (doc. # 188) an untimely objection. Defendants have responded (docs. # 187, 190) and plaintiff has replied (docs. # 192, 193).

Plaintiff's objections to the magistrate judge's order (doc. # 179) were originally due by February 18, 2014. As a professional courtesy, defendants stipulated to a three-day extension at plaintiff's request. (Doc. # 184). The court granted the stipulation for extension of time, which required that plaintiff file her objections to that particular order no later than February 21, 2014. (Doc. # 185). No objections were filed that day.

On February 23 and February 25, 2014, plaintiff file the instant motions contending that she had attempted to file for an extension on that day, but that she was unable to do so because the

James C. Mahan
U.S. District Judge

- 6 -

1  court's website was down.

2  Although counsel has repeatedly exhibited an inability to make timely filings in this case, the
3  court does note that its CM/ECF server was offline for maintenance on the date and time counsel
4  maintains she attempted to file her request for an extension. While recognizing defendants' concerns
5  regarding good cause, this matter is within the court's discretion.

6  Although with hesitance, the court will grant plaintiff's requests to extend time (doc. # 186)
7  and leave to file (doc. # 188) and will consider her objection (doc. # 189).

8      E.    *Objection to order on motion to compel*

9  Plaintiff has filed objections (doc. # 189) to the magistrate judge's order (doc. # 179) denying
10  her motion to compel (doc. # 144). Defendants have responded. (Doc. # 194).

11  The underlying motion sought to compel defendants to produce more information regarding
12  requests for production 83-88 as fully set forth in plaintiff's eleventh set of Rule 34 requests for
13  production. Plaintiff further requested permission to depose an additional Rule 30(b)(6) designee
14  regarding the information she sought to compel.

15  On February 4, 2014, the magistrate judge denied plaintiff's motion, reasoning that it sought
16  information that was the subject of an unopposed protective order and the motion was untimely.
17  (Doc. # 179). The magistrate judge found that "plaintiff knew about the allegedly deficient
18  responses long before the close of discovery, long before expiration of the dispositive motion
19  deadline, and long before she filed her response to the pending motion for summary judgment."
20  (Doc. # 179 at 5). The magistrate judge rejected plaintiff's Rule 56(d) argument, reasoning that her
21  Rule 56(d) request cannot work as an end around the normal requirement that the parties diligently
22  pursue discovery during the discovery period.

23  In rejecting plaintiff's argument that her efforts were sufficiently diligent so as to warrant
24  consideration on the merits, the magistrate judge explained that "the unusual circumstances
25  necessary to justify the filing of a motion to compel approximately four months after the close of
26  discovery and three months after the dispositive motions deadline are not present here." (Doc. # 179
27  at 4). This court agrees.

28

**James C. Mahan**
**U.S. District Judge**

- 7 -

1    Yet again, counsel did not timely oppose the protective order and the motion to compel was
2 tardy. Counsel's recurrent inability to meet deadlines again dooms the instant objections. The fact
3 that counsel may be busy or understaffed is nothing unique to her circumstances that would
4 constitute good cause excusing her failures.

5    The magistrate judge's order was not clearly erroneous or contrary to law. Accordingly, the
6 court will affirm the magistrate judge's decision to deny plaintiff's motion to compel.

7    *F.   Objection to order on motion to compel*

8    Plaintiff has filed objections (doc. # 191) to the magistrate judge's order (doc. # 181) denying
9 her motion to compel (doc. # 85). Defendants have responded. (Doc. # 195).

10   The underlying motion sought an order compelling production of the contents of plaintiff's
11 TREAN/NMIC email inbox and sent box for the time period beginning in 2008 and continuing
12 through March, 2011. (Doc. # 85).

13   On February 6, 2014, the magistrate judge denied the underlying motion, finding plaintiff's
14 request overly broad because she "made no attempt to refine, limit, or modify what is an otherwise
15 blanket request for the entirety of the email account in question." (Doc. # 181 at 7).

16   Plaintiff asserts she "has made a specific request for only her email inbox and sent box during
17 the period of her employment with TREAN and Nevada Mutual from 2008 through March 2011."
18 (Doc. # 191 at 7). Plaintiff labels this as a "narrowly tailored request." (*Id.*). A request for every
19 single email sent and received for nearly three years without limitation by, for example, key terms,
20 senders, or recipients is, quite frankly, the complete opposite of a "narrowly tailored request."

21   The court finds that the magistrate judge's order was not clearly erroneous or contrary to law.
22 Accordingly, the court will affirm the magistrate judge's decision to deny plaintiff's motion to
23 compel.

24 **IV.   Conclusion**

25   In summary, the court grants plaintiff's motion to extend time (doc. # 186) and motion for
26 leave to file (doc. # 188). Additionally, the court affirms the following orders by Magistrate Judge
27 Hoffman: docs. # 160, 162, 176, 189, and 191, and plaintiff's motions to reconsider those orders are
28

**James C. Mahan**
**U.S. District Judge**

- 8 -

each denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to extend time (doc. # 186) and motion for leave to file (doc. # 188) be, and the same hereby are, GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion to reconsider (doc. # 160) the magistrate's order (doc. # 152) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to reconsider (doc. # 162) the magistrate's order (doc. # 153) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to reconsider (doc. # 176) the magistrate's order (doc. # 155) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to reconsider (doc. # 189) the magistrate's order (doc. # 179) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to reconsider (doc. # 191) the magistrate's order (doc. # 181) is DENIED.

DATED July 21, 2014.

_____
**UNITED STATES DISTRICT JUDGE**

U.S. District Judge

- 9 -