UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SANDRA K. KRAUSE,      )<br>            )<br>     Plaintiff,      )<br>            )<br>vs.           )<br>            )<br>NEVADA MUTUAL INSURANCE CO., *et al.*,  )<br>            )<br>     Defendants.     )<br>_____) | Case No. 2:12-cv-00342-JCM-CWH<br><br>**ORDER** |

      This matter is before the Court on Plaintiff's Motion to Seal (#199), filed October 12, 2014, and Plaintiff's Motion to Seal (#204), filed October 14, 2014. Defendants filed non-oppositions to both motions on October 17, 2014. *See* (#210) and (#211).

      Plaintiff requests that the Court seal several filings related to dispositive motions. Plaintiff's counsel acknowledges that she does not actually believe the filings should be sealed, but filed the motions to avoid triggering litigation on ancillary matters. Specifically, Plaintiff's counsel references an experience from another case involving Defendants wherein they moved for sanctions for failure to file documents under seal pursuant to a protective order. This particular case has been pending for approximately three years. During that time the parties also engaged in litigation in *Krause v. Nevada Mutual Insurance Co*, 2:13-cv-00976-APG-CWH. In that case, the undersigned entered a thorough order detailing the requirements that must be met in order to seal filings. *See* Order (#35) in 2:13-cv-00976-APG-CWH.

      Plaintiff's counsel clearly understands the shifting standards on motions to seal materials in a non-dispositive discovery motion and a dispositive motion. She expressly acknowledges that she only seeks to seal the documents at issue in the motions currently before the Court to avoid Defendants moving for sanctions for failure to abide by the protective order. For their part,

1  Defendants make no effort to legitimately brief the issue; choosing instead to simply note their non-
2  opposition.
3        The Court is certainly sympathetic to Plaintiff's counsel's desire to avoid ancillary,
4  unnecessary litigation.  Nothing in the applicable case law permits the referenced filings to be sealed
5  merely because the filings contain materials designated as confidential pursuant to a protective
6  order.  As previously noted, "[i]t is well-established that the fruits of pretrial discovery are, in the
7  absence of a court order to the contrary, presumptively public." *San Jose Mercury News v. United*
8  *States District Court*, 187 F.3d 1096, 1103 (9th Cir. 1999).  The Ninth Circuit comprehensively
9  examined the presumption of public access to judicial files and records in *Kamakana v. City and*
10 *County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).   There, the court recognized that different
11 interests are at stake in preserving the secrecy of materials produced during discovery and materials
12 attached to dispositive motions. *Kamakana* reiterated that a protective order issued under the Rule
13 26(c) may be issued once a particularized showing of good cause exists for preserving the secrecy of
14 discovery materials.  "Rule 26(c) gives the district court much flexibility in balancing and protecting
15 the interests of private parties."  447 F.3d at 1180.  Thus, a "good cause" showing is sufficient to
16 seal documents produced in discovery.  *Id.*
17       *Kamakana* also held that a showing of "compelling reasons" is needed to support the secrecy
18 of documents attached to dispositive motions.  A showing of "good cause" does not, without more,
19 satisfy the "compelling reasons" test required to maintain the secrecy of documents attached to
20 dispositive motions.  *Id.*  The court found that:

> Different interests are at stake with the right of access than with
> Rule 26(c); with the former, the private interests of the litigants are
> not the only weights on the scale.  Unlike private materials unearthed
> during discovery, judicial records are public documents almost by
> definition, and the public is entitled to access by default. (Citation
> omitted).  This fact sharply tips the balance in favor of production
> when a document formally sealed for good cause under Rule 26(c)
> becomes part of the judicial record.  Thus, a "good cause" showing
> alone will not suffice to fulfill the "compelling reasons" standard that
> a party must meet to rebut the presumption of access to dispositive
> pleadings and attachments.

27 *Id. Kamakana* recognized that "compelling reasons" sufficient to outweigh the public's interests in
28 disclosure and justify sealing records exist when court records may be used to gratify private spite,

permit public scandal, circulate libelous statements, or release trade secrets. *Id.* at 1179 (internal quotations omitted). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citation omitted). To justify sealing documents attached to dispositive motions, a party is required to present articulable facts identifying the interests favoring continuing secrecy *and* show that these specific interests overcome the presumption of public access by outweighing the public's interests in understanding the judicial process. *Id.* at 1181 (internal citations and quotations omitted).

The fact that there is a protective order entered to facilitate discovery does not, standing alone, satisfy the compelling reasons standard for sealing dispositive motions and documents attached thereto. Consequently, the Court will deny the motions to seal. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Seal (#199) and Motion to Seal (#204) are **denied**.

**IT IS FURTHER ORDERED** that the Clerk shall **unseal** the following filings as identified by docket number: 200, 201, 202, 203, 205, 206, 207, and 208.

DATED: February 6, 2014.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge