# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SANDRA K. KRAUSE,

    Plaintiff,

vs.

NEVADA MUTUAL INSURANCE CO., *et al.*,

    Defendants.

Case No. 2:12-cv-00342-JCM-CWH

**ORDER**

    This matter is before the Court on Plaintiff's Motion to Strike (#198), filed October 11, 2014; Defendants' Response (#213), filed October 28, 2014; and Plaintiff's Reply (#218), filed November 6, 2014.

    Citing Federal Rule of Civil Procedure 56(c)(2), Plaintiff requests that the Court strike the declaration of Patricia Schaffran attached to Defendants' motion for summary judgment (#197). Plaintiff sets forth several objections to the exhibit, including that it does not comply with Rule 56(c)(4), 28 U.S.C. § 1746(2), or the Federal Rules of Evidence. Rule 56(c)(2) provides that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). This rule permits a party to object, not move to strike. *See Maddin, Inc. v. Allied Ins. Co. of America*, 2014 WL 6908477 (D. Nev.); *see also* Advis. Comm. Notes to 2010 Amendments ("Subdivision (c)(2) recognizes that a party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. The objection functions much as an objection at trial, adjusted for the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated. <u>There is no need to make a separate motion to strike</u>.").

The Court declines to strike the declaration for non-compliance with 28 U.S.C. § 1746. Plaintiff argues that the Court should strike the declaration because it does not include "the required language that 'the foregoing is true and correct[.]'" Defendants note that the declaration in question does include the phrase that the declarant "declare[s] under penalty of perjury" at the outset of the declaration in question. While certainly advisable to track the language of the statute precisely, Plaintiff has not submitted any authority to support the notion that the failure to track the precise language should result in striking the declaration if it is acknowledged to be submitted under penalty of perjury. Indeed, section 1746 provides that an unsworn declaration should be submitted in a form that "substantially" follows the form set out in the statute. The only benefit accruing as a result of the declaration is if the statements therein are true. Thus, that the declarant specifically acknowledged that the statements were made under penalty of perjury is sufficient under the circumstances to find substantial compliance with the requirements of section 1746.[1]

Defendants request that the Court sanction Plaintiff for violation of the protective order is denied. Based on the foregoing and good cause appearing,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike (#198) is **denied**.

DATED: February 18, 2014.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge

---

[1] The undersigned takes no position on the weight that may or may not be given to the declaration during the course of decision on the underlying motion for summary judgment. Further, the undersigned takes no position on the declaration submitted with Defendants response, for which leave to file as a supplement was not requested.