1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SANDRA K. KRAUSE,                          )
                                 )
              Plaintiff,           )         Case No. 2:12-cv-00342-JCM-CWH
                                 )
vs.                                        )        **ORDER**
                                 )
NEVADA MUTUAL INSURANCE CO., *et al.*,     )
                                 )
             Defendants.           )
_____)

       This matter is before the Court on Defendants' Motions to Seal (#215) and (#217), both filed November 6, 2014; Plaintiff's Responses (#224) and (#225), filed November 24, 2014; and Defendants' Replies (#228) and (#229), filed December 4, 2014.  It is also before the Court on Defendants' Motions to Seal (#222) and (#226); Plaintiff's Response (#230); and Defendants' Reply (#231).

       Each of the motions under consideration seeks to seal the same information: (1) excerpts from the deposition transcript of Patricia Schaffran, and (2) excerpts from the deposition transcript of Andrew O'Brien.  The information, however, is attached to several different filings.  Defendants' motion (#215) seeks to seal the referenced information that is attached as exhibits 3 and 4 to their opposition to Plaintiff's motion for partial summary judgment.  Defendants' motion (#217) seeks to seal excepts from the Schaffran deposition that are attached as an exhibit to Plaintiff's motion to strike.  Defendants' motions (#222) and (#226) seek to seal the referenced information insofar as it is attached to their oppositions to Plaintiff's written objections.  The motions at issue here are identical in their reasoning offered in support of the requested relief.

       As previously noted, this case has been pending for almost three years and includes litigation in a separate case – *Krause v. Nevada Mutual Insurance Co*, 2:13-cv-00976-APG-CWH.  During

this time, the Court has entered several orders detailing the requirements for sealing, including the different standards for sealing information attached to a non-dispositive discovery motion and a dispositive motion.  The Court has reviewed the various motions and finds that each seeks to seal information that is attached or related to a dispositive motion.  Defendants' motion (#215) expressly seeks to seal information attached to briefing on a pending dispositive motion.  Defendants' motion (#217) seeks to seal information attached to Plaintiff's motion to strike certain evidence submitted in support of Defendants' motion for summary judgment.  Because the underlying motion to strike is dispositive in the sense that it seeks to strike information used in support of a summary judgment motion, the Court considers the motions to seal (#215) and (#217) as dispositive.  The same is true for motions (#222) and (#226), which seek to seal information attached to briefing challenging information submitted in support of dispositive motions.  As such, the Court will review each of the motions to seal under the standards for sealing information on dispositive motions.

As previously noted, "[i]t is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." *San Jose Mercury News v. United States District Court*, 187 F.3d 1096, 1103 (9th Cir. 1999).  The Ninth Circuit comprehensively examined the presumption of public access to judicial files and records in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).  The court recognized that different interests are at stake in preserving the secrecy of materials produced during discovery and materials attached to dispositive motions.  *Kamakana* reiterated that a protective order issued under the Rule 26(c) may be issued once a particularized showing of good cause exists for preserving the secrecy of discovery materials.  "Rule 26(c) gives the district court much flexibility in balancing and protecting the interests of private parties."  447 F.3d at 1180.  Thus, a "good cause" showing is sufficient to seal documents produced in discovery.  *Id.*

*Kamakana* also held that a showing of "compelling reasons" is needed to support the secrecy of documents attached to dispositive motions.  A showing of "good cause" does not, without more, satisfy the "compelling reasons" test required to maintain the secrecy of documents attached to dispositive motions.  *Id.*  The court found that:

> Different interests are at stake with the right of access than with

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

> Rule 26(c); with the former, the private interests of the litigants are
> not the only weights on the scale.  Unlike private materials unearthed
> during discovery, judicial records are public documents almost by
> definition, and the public is entitled to access by default.  (Citation
> omitted).  This fact sharply tips the balance in favor of production
> when a document formally sealed for good cause under Rule 26(c)
> becomes part of the judicial record.  Thus, a "good cause" showing
> alone will not suffice to fulfill the "compelling reasons" standard that
> a party must meet to rebut the presumption of access to dispositive
> pleadings and attachments.

*Id.  Kamakana* recognized that "compelling reasons" sufficient to outweigh the public's interests in

disclosure and justify sealing records exist when court records may be used to gratify private spite,

permit public scandal, circulate libelous statements, or release trade secrets.  *Id.* at 1179 (internal

quotations omitted).  However, "[t]he mere fact that the production of records may lead to a

litigant's embarrassment, incrimination, or exposure to further litigation will not, without more,

compel the court to seal its records."  *Id.* (citation omitted).  To justify sealing documents attached

to dispositive motions, a party is required to present articulable facts identifying the interests

favoring continuing secrecy *and* show that these specific interests overcome the presumption of

public access by outweighing the public's interests in understanding the judicial process.  *Id.* at 1181

(internal citations and quotations omitted).

     Defendants have not met their burden to articulate compelling reasons to keep the

information at issue sealed.  The fact that there is a protective order entered to facilitate discovery

does not satisfy the compelling reasons standard for sealing.  The Court does not find compelling

the notion that this information was previously sealed, as it was sealed due to non-opposition and

these motions are opposed.  Lastly, the present case is distinguished from the *Triquint*

*Semiconductor, Inc. v. Avago Technologies, Ltd.*, 2011 WL 5190264 (D. Ariz.).  In *Triquint*, a

patent infringement action, the moving party sought to seal certain information, including "small,

specific portions" of the personnel records of non-party employees.  The party in *Triquint* also made

effort to redact portions of the records as well. Unlike in *Triquint*, the information Defendants seek

to seal is not tangential to the claims, but is highly relevant to the discrimination claims raised in

this matter.  Moreover, Defendants have not made any effort to target sealing through redaction or

limitation to small, specific portions of the records in questions, choosing instead to request that it

all be sealed.  The Court is not inclined to seal information in a blanket manner when legitimate attempts at redaction could have resolved the concerns.  Thus, having identified no compelling reasons in support of the motions to seal, the Court concludes that Defendants' motions should be denied.

Based on the foregoing and good cause appearing,

**IT IS HEREBY ORDERED** that Defendants' Motion to Seal (#215) is **denied**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Seal (#217) is **denied**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Seal (#222) is **denied**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Seal (#226) is **denied**.

DATED: April 28, 2015.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge

4